IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alton Adams, | ) | C/A No. 0:21-1111-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER REGARDING** |
| Terrie Wallace; Thomas Commander; CPT Goodwin; Kevin Burnham; SGT Griffin; Ms. Howell; Ms. Allan; Kevin Ford; Willie D. Davis; Bryan Sterling; Tonya James; Stacy Richardson; Jeanine Price, | ) ) ) ) ) ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Alton Adams, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915.[1] Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.     Factual and Procedural Background**

In March 2019, Plaintiff pled guilty in state circuit court to first-degree assault and battery and the court sentenced him to four years' imprisonment in the South Carolina Department of Corrections ("SCDC"). Plaintiff indicates first-degree burglary is a non-violent offense. But,

---

[1] Plaintiff filed a Form AO 240 that the court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 7.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit. See Flint v. Haynes, 651 F.2d 970, 972-74 (4th Cir. 1981).

because of a *falsely* reported armed robbery indictment or detainer[2] by the Lexington County Sheriff, SCDC assigned Plaintiff to a disciplinary dormitory upon his arrival at the Kershaw Correctional Institution. (Compl., ECF No. 1 at 4, 13, 16.) Plaintiff claims that he informed Defendants Howell, James, Richardson, Allan, Price—all SCDC officials—that he did not in fact have a pending charge for a violent offense, but they either would not help him or did not investigate his claim. For instance, Plaintiff claims Defendant Allan refused to provide him with a copy of the Lexington County indictment. Plaintiff also claims Defendant Price, the prison classification manager, ignored an email from another SCDC official about the indictment or detainer but another classification manager named Michael Michal (not party to this action) spoke with Plaintiff about it. Plaintiff claims that, as a result of his placement in a prison for violent offenders, he was assaulted or threatened by his cellmate twice in May 2019, which included Plaintiff's being threatened with a shank. It is not clear from the pleading whether Plaintiff was physical harmed or just threatened in each incident.

Plaintiff was moved to a different dormitory within the same prison, but in August or September 2019, Plaintiff was again threatened by his former cellmate in the new dormitory. Plaintiff again addressed his safety with Defendants James and Goodwin. Plaintiff claims that Defendant James, the prison warden, offered to place Plaintiff in protective custody but Plaintiff refused. Plaintiff also claims Defendant Goodwin said he would put in a transfer request for Plaintiff but never did.

In August 2019, Plaintiff received a verification from the South Carolina State Law Enforcement Division ("SLED") that the Lexington County Sheriff did not have a detainer on

---

[2] At times, Plaintiff refers to a "detainer" instead of an indictment. (See, e.g., Compl., ECF No. 1 at 10.) It is not clear from the pleading whether he has a pending indictment for armed robbery, a detainer, or both.

Plaintiff. Plaintiff took this information to Michal who disagreed with SLED and told Plaintiff he would remain at his custody level. However, in November 2019, Plaintiff was reclassified to a less severe custody level, but he was not transferred to a different facility. Plaintiff met with Warden James who agreed that Plaintiff should be transferred and tried to contact Defendant Richardson, the state classification manager, but James was unable to reach Richardson. On March 6, 2020, Plaintiff met with "the treatment team," which included Defendants McDuffie, Commander, and Price, who "voted" for Plaintiff to be transferred, but Plaintiff was never transferred. (Compl., ECF No. 1 at 22.) Plaintiff was released from SCDC custody in December 2020.

Plaintiff also indicates that he is diabetic, but the Kershaw Correctional Institution did not have a blood pressure clinic and Plaintiff was not allowed to see the results of his lab tests. He claims that he once had elevated blood pressure, but he was not sent to a medical facility despite a nurse's recommendation. Plaintiff also alleges the prison had a small, noisy library with outdated literature. Plaintiff also raises conclusory allegations about other conditions of the prison—the room windows were painted; the prison lacked enough security personnel for recreation time; the kitchen was roach infested; the prison had a lot of gangs; and Plaintiff slipped and fell while working for food services, which resulted in neck and back pain, but he was denied an MRI by a doctor.

Plaintiff brings this action pursuant 42 U.S.C. § 1983 raising claims of retaliation and lack of access to the courts in violation of the First Amendment, unreasonable search and seizure and false imprisonment in violation of the Fourth Amendment, deprivation of due process and just compensation in violation of the Fifth Amendment, and inadequate medical care in violation of

the Eighth Amendment. Plaintiff seeks damages and various changes to the conditions of SCDC prisons.

## II.   Discussion

### A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs.,

901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B.     Analysis

Initially, the court notes that Plaintiff's Complaint is subject to dismissal because Plaintiff fails to specify which claims are asserted against each defendant. See generally North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) (affirming dismissal of a complaint under Rule 8 where "the complaint . . . does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it"). Plaintiff provides a conclusory list of purported constitutional violations but does not explain which defendants he asserts were responsible for each violation. Accordingly, the Complaint generally fails to comply with the Federal Rule of Civil Procedure 8, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

However, in light of the court's duty to liberally construe *pro se* pleadings, the court construes the Complaint as asserting claims against all of the defendants for deprivation of due process in violation of the Fourteenth Amendment and for deliberate indifference to conditions of confinement in violation of the Eighth Amendment, arising out Plaintiff's allegations that the defendants did not assist Plaintiff in changing his security classification, which resulted in Plaintiff being attacked, and arising out of the various poor conditions of the prison. But, as explained below, Plaintiff's allegations fail to plausibly allege violations of those constitutional provisions.

### 1.     Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The safeguards of the Due Process Clause are triggered only when a Fourteenth Amendment-protected liberty interest is at stake." Berrier v. Allen, 951 F.2d 622, 624 (4th Cir. 1991) (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976)). Generally, to prevail on a claim that an inmate's security classification violates the Due Process Clause, the plaintiff must prove that he had a protected liberty interest in a certain classification and that interest was adversely affected by the defendant's actions without the protections of due process. Slezak v. Evatt, 21 F.3d 590, 593 (4th Cir. 1994); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (stating that a § 1983 claim for due process violations in prisons must invoke a "liberty interest" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

However, Plaintiff fails to identify a liberty interest that would invoke due process protections. Plaintiff indicates that his security classification in SCDC is wrong because it is based on a false indictment or detainer for a violent crime. But, prisoners generally have no liberty interest in a particular security classification or in being housed in a particular facility, see generally Meachum v. Fano, 427 U.S. 215, 224-25 (1976), and courts have previously found that no South Carolina law or regulation creates a liberty interest in a particular security or custody classification. See Brown v. Evatt, 470 S.E.2d 848, 851 (S.C. 1996) ("Neither the state statutes which create and define the powers of the SCDC nor SCDC's operational classification regulations create the required liberty interest. Though they provide procedural safeguards and substantive criteria for making base-line classification decisions, these are made only as recommendations that are subject to discretionary review and rejection by higher-level prison officials."); see also Slezak,

21 F.3d at 595-97 (finding no state created liberty interest in particular classification decisions within SCDC from state statutes, a federal consent decree, or in the operational regulations within SCDC). Moreover, even assuming Plaintiff could identify a state created liberty interest, Plaintiff fails to provide any allegations that would plausibly show the defendants failed to provide Plaintiff with proper procedural protections. The defendants have no duty to aid Plaintiff in correcting the Lexington County Sheriff's false indictment or detainer. See, e.g., Whitley v. Hunt, 158 F.3d 882, 889-90 (5th Cir. 1998) (finding an inmate had no basis for relief on his claim that prison officials relied on an erroneous state court record to increase the inmate's security classification), abrogated on other grounds by Booth v. Churner, 532 U.S. 731 (2001). Accordingly, Plaintiff's Complaint as pled fails to state a claim for deprivation of due process upon which relief can be granted.

### 2. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment, and in the context of prisons, the United States Supreme Court has said that it requires prison officials to take reasonable measures to guarantee inmate safety, including protecting prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). For a plaintiff to prove that prison officials were deliberately indifferent to a threat of violence, he must show: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind"—here, deliberate indifference. Id., at 834; Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). As to the subjective prong, the official must know of and disregard an excessive risk to inmate health and safety. See Danser v. Stansberry, 772 F.3d 340, 347 (4th Cir. 2014) ("The official " 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' ") (quoting Farmer at 837).

Here, Plaintiff asserts no facts that the defendants were aware that his cellmate posed a risk of violence or harm to Plaintiff.  Plaintiff provides great detail about his attempts to inform the defendants that Plaintiff himself was not a risk of violence and should not have been housed in a prison for violent inmates, but he provides no indication that the defendants were aware that Plaintiff's cellmate threatened Plaintiff's safety.  Additionally, Plaintiff fails to make any allegations that the defendants' acts or omissions were the proximate cause of any harm to Plaintiff. See generally Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) ("[C]onstitutional torts . . . require a demonstration of both but-for and proximate causation."); see also Malley v. Briggs, 475 U.S. 335, 344 n.7 (1986).  Accordingly, Plaintiff fails to state a deliberate indifference to a risk of violence claim upon which relief can be granted.

As to Plaintiff's other claims that address various inadequacies in the SCDC prison system, the court construes those claims as asserting deliberate indifference to conditions of confinement in violation of the Eighth Amendment. See generally Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (applying the two-prong deliberate indifference standard under Farmer to claims about prison conditions).  However, Plaintiff fails to provide any allegations that would indicate that the named defendants were involved in, or the cause of, those purported conditions.  See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.  The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).  Accordingly, Plaintiff fails to state a deliberate indifference to conditions of confinement claim upon which relief can be granted.

Further, Plaintiff seeks injunctive relief regarding his deliberate indifference claims—asking for SCDC to make various improvements in areas Plaintiff deems deficient. However, Plaintiff's claims for injunctive relief are moot because he is no longer an inmate at SCDC. Cf. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (finding a prisoner's transfer to a different facility mooted his claim for injunctive and declaratory relief and collecting cases finding the same); Pevia v. Hogan, 443 F. Supp. 3d 612, 633 (D. Md. 2020) (same).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915.

**IT IS SO ORDERED**.

June 2, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).